**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| DELIA MACIEL, AKA Delia Maciel Arciga, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-73376 <br><br> Agency No. A073-920-940 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 5, 2013
Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and STEIN, District Judge.**

Petitioner Delia Maciel seeks review of the BIA's decision that she is

ineligible for cancellation of removal because she did not establish that she resided

in the country for seven years "after having been admitted in any status." 8 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

§ 1229b(a)(2). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Maciel contends she began to accrue time toward the seven-year minimum when she received advance parole under 8 U.S.C. § 1182(d)(5) on November 30, 1995. However, as the BIA correctly concluded, an "alien who is paroled under section 1182(d)(5) . . . shall not be considered to have been admitted." 8 U.S.C. § 1101(a)(13)(B); see also 8 U.S.C. § 1182(d)(5)(A) (parole "shall not be regarded as an admission of the alien"). As a result, Maciel is not eligible for cancellation of removal.

Maciel further contends that treating parolees differently than three categories of aliens who are allowed to count the time they resided in the country prior to gaining LPR status toward the seven-year requirement violates equal protection. However, the "line-drawing decisions made by Congress or the President in the context of immigration and naturalization must be upheld if they are rationally related to a legitimate government purpose." Masnauskas v. Gonzales, 432 F.3d 1067, 1071 (9th Cir. 2005) (internal alteration and quotation marks omitted). We have considered Maciel's arguments and conclude that she is distinct from the categories of aliens she identifies in ways that rationally justify disparate treatment. Therefore, her equal protection challenge fails.

Accordingly, the petition for review is

**DENIED**.